<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WESLEY O. LANHAM, | : | Civil No. 10-1959 (RBK) |
| Plaintiff, | : | |
| | : | <u>OPINION</u> |
| v. | : | |
| FED. BUREAU OF PRISONS, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    WESLEY O. LANHAM, #11774-032
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

**KUGLER**, District Judge:

    Wesley O. Lanham, a federal inmate incarcerated at FCI Fort Dix, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> as a prisoner and direct the Clerk to file the Complaint without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1915. Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of an amended complaint stating a cognizable claim under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

## I.  BACKGROUND

Plaintiff brings this action against the Federal Bureau of Prisons, Warden Donna Zickefoose, and the United States Department of Justice.  Plaintiff asserts the following in the section of the form complaint instructing him to state the facts of his case:

> Since January 5, 2009, ongoing and foregoing, the medical staff of FCI Fort Dix has violated policy and procedure by denying pre-existing physical conditions accepted as fact in the court of jurisdiction, diagnosed by doctors here, acknowledged by medical staff here.  The continual denial of prescribed medications and treatments erodes my conditions.  The warden denies this in both ignorance of fact and process (administrative remedy), and, condones actions or lack of which are resulting in seriously deteriorating and life threatening situations by the inconsistencies the DOJ condones by allowing this administration to operate as such, unchecked and outside policy.

(Docket entry #1 at p. 5.)

Plaintiff further asserts that Warden Zickefoose violated his constitutional rights by "the denial of the administrative process by condoning lack of action, and the blatant lies written to US senator [illegible] of Kentucky."  (Docket entry #1 at p. 4.)  Plaintiff asserts that the Department of Justice violated his rights by "allowing the abuses of both human and civil rights and policies."  (Id.)  Plaintiff seeks the following relief:

> To order proper and outside observation of the practices here at Fort Dix, treatment and protocols to be adhered to in writing to the plaintiff, without prejudice or maltreatment in retribution and to move the plaintiff to a proper facility as was requested by the sentencing court in Lexington and just damages.

(Docket entry #1 at p. 6.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

3

This pleading standard was further refined by the Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at

(continued...)

4

applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show*[*n*]*'-'that the pleader is entitled to relief*.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1](...continued)
45-46.

### III.  DISCUSSION

A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.  In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights.  Malesko, 534 U.S. at 66.

Plaintiff, a federally sentenced inmate, brings this Complaint, pursuant to Bivens, against the Bureau of Prisons, the Department of Justice, and the Warden of FCI Fort Dix.  The claims against the Bureau of Prisons and the Department of Justice will be dismissed with prejudice because a damage remedy is not available against a federal agency under Bivens.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

Plaintiff's claim regarding deficiencies in the administrative relief process for inmates at FCI Fort Dix also fails as a matter of law.  "[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance]."

Smith v. Ark. State Highway Employees, Local 1315, 441 U.S. 463, 465 (1979); see also Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984) ("[This] Court rejected due process as a source of an obligation to listen.  Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications"); San Filippo v. Bongiovanni, 30 F. 3d 424, 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition").  The claims based on deficiencies in the administrative remedy process will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff also asserts that unspecified medical personnel at FCI Fort Dix violated his Eighth Amendment rights by "denying pre-existing physical conditions accepted as fact [and] denying prescribed medications and treatments" (Docket entry #1 at p. 5).  "'[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment,' and this includes 'indifference ... manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'"  Erickson v. Pardus, 551 U.S. 89, 90 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) ) (footnotes and some internal quotation marks omitted).  To state a claim, a prisoner must allege facts showing that he had a serious medical need and that the defendant acted with deliberate indifference to that need.  See Spruill v. Gillis, 372 F. 3d 218, 235 (3d Cir. 2004).  "To act with deliberate indifference to serious medical needs is to recklessly

7

disregard a substantial risk of serious harm." Giles v. Kearney, 571 F. 3d 318, 330 (3d Cir. 2009).  However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 129 S. Ct. at 1948.  To state a constitutional claim against a defendant, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948.

Based on the foregoing, it is established that supervisors like Warden Zickefoose cannot be found liable for "knowledge and acquiescence in their subordinates' [unconstitutional wrongdoing.]" Id. at 1949.  Because Plaintiff sues Warden Zickefoose solely on the theory that medical personnel at FCI Fort Dix are denying medical care to inmates, the Eighth Amendment claim against Zickefoose will be dismissed for failure to state a claim upon which relief may be granted.  However, the dismissal of this claim will be without prejudice to the filing of an amended complaint stating a cognizable Eighth Amendment medical claim against Zickefoose and/or other persons.[2]  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002).

---

[2] Plaintiff should be aware if he elects to file an amended complaint that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  Plaintiff's allegations in the Complaint that medical personnel are denying care for pre-existing conditions and denying prescribed medication are conclusory and, as such, they are not entitled to the assumption of truth under Iqbal.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in forma pauperis</u> and dismisses the Complaint, without prejudice to the filing of an amended complaint asserting a cognizable Eighth Amendment medical claim.  The Court will enter an appropriate Order.

                                s/Robert B. Kugler                              
                                **ROBERT B. KUGLER, U.S.D.J.**

Dated:   May 14  , 2010