NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WESLEY O. LANHAM, | : | Civil No. 10-1959 (RBK) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| FED. BUREAU OF PRISONS, et al., | : | |
| Defendants. | : | |

It appearing that:

1. Wesley O. Lanham, a federal inmate incarcerated at FCI Fort Dix, filed a Complaint against the Federal Bureau of Prisons, Warden Donna Zickefoose, and the United States Department of Justice. Plaintiff asserted the following facts:

> Since January 5, 2009, ongoing and foregoing, the medical staff of FCI Fort Dix has violated policy and procedure by denying pre-existing physical conditions accepted as fact in the court of jurisdiction, diagnosed by doctors here, acknowledged by medical staff here. The continual denial of prescribed medications and treatments erodes my conditions. The warden denies this in both ignorance of fact and process (administrative remedy), and, condones actions or lack of which are resulting in seriously deteriorating and life threatening situations by the inconsistencies the DOJ condones by allowing this administration to operate as such, unchecked and outside policy.

(Docket entry #1 at p. 5.)

2. On May 20, 2010, this Court dismissed the Complaint. This Court dismissed the claims against the Bureau of Prisons and the Department of Justice with prejudice because a damage remedy is not available against a federal agency under Bivens. See F.D.I.C. v. Meyer,

510 U.S. 471, 486 (1994).  This Court dismissed the claims asserting failure of the administrative remedy process with prejudice, as "the First Amendment does not impose any affirmative obligation on the government to listen, to respond or . . . to recognize [a grievance]." Smith v. Ark. State Highway Employees, Local 1315, 441 U.S. 463, 465 (1979); see also Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984) ("[This] Court rejected due process as a source of an obligation to listen.  Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications"); San Filippo v. Bongiovanni, 30 F. 3d 424, 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition").  Finally, Plaintiff also asserted that unspecified medical personnel at FCI Fort Dix violated his Eighth Amendment rights by "denying pre-existing physical conditions accepted as fact [and] denying prescribed medications and treatments." (Docket entry #1 at p. 5).  This Court dismissed the Eighth Amendment medical care claim against Warden Zickefoose - the only remaining defendant - because Plaintiff did not assert facts showing that Zickefoose was deliberately indifferent to his serious medical needs, and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  This Court granted Plaintiff 30 days to file an amended complaint stating an Eighth Amendment medical claim.[1]

---

[1] This Court warned Plaintiff that, if he elected to file an amended complaint, he should be aware that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . .  Nor does a complaint suffice if it tenders naked assertions devoid of further
(continued...)

3. On June 16, 2010, Plaintiff filed a document entitled "Amended motion for relief on Eighth Amendment grounds; appeal of dismissal of administrative remedy deficiencies and process; and, complaint." (Docket Entry #4.)

4. By Order entered March 7, 2011, the United States Court of Appeals for the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction. (Docket Entry #17.) The Court of Appeals directed the Clerk of this Court to file Docket Entry #4 as an amended complaint and to apprise this Court of its entry on the docket so that this Court may enter an order reopening the case file and screening the amended complaint for dismissal.

5. On March 7, 2011, the Clerk docketed the Amended Complaint. (Docket Entry #18.)

6. Plaintiff asserts the following facts in the Amended Complaint:

> On December 30, 2009 the Bureau Of Prisons administrative remedy process, by the petitioner, was began. To date, this process, fully utilized, has not produced any remedy. At and during this time period. The warden of this institution, the Bureau Of Region, and, the Central Office of the F.B.O.P. had the opportunity to remedy this matter and chose to ignore both necessary medical request and treatment, but, abused the process in ignorance of policy. By condoning, creating, and, allowing the medical issues in this matter, which are, when negated or ignored, become life threatening, the staff, administration, and, policy makers of the F.B.O.P. conspired by action, lack of action or concern, to create this necessary request . . . .
>
> As submitted in this court within this matter, the facts have been brought forward in exhibit. Denial of medical treatment, denial of process, denial of time regulated medications, denial of regular medications, mis-diagnosis of pre-existing conditions,

---

[1](...continued)
factual enhancement." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). This Court noted that Plaintiff's allegations in the Complaint that medical personnel were denying care for pre-existing conditions and denying prescribed medication were conclusory and not entitled to the assumption of truth under Iqbal.

> incompetence of staff, medical staff, and, administration, and, interference or deceptive responses to the petitioner or his agents.
>
> It is the right of this petitioner to medical treatment and fair practices of such treatment.  his physical quality of life as well as, his mortal quality depend upon medical staff, administration, and, duty officers understanding these necessities.  The situations submitted to this court have established the wanton means by which he is subjected against his will.  Insulin is a requirement, and, cannot be randomly dismissed at the scheduling problems or personal choices of the F.B.O.P. this has and continues to occur . . . .  [W]hen all rightful medications, procedures, or, complications of such occur, procedures, that require competency and literacy of this particular treatment, constitute a death, a recessive quality of health, even an unnecessary malaise, all due to these inflicted issues, for whatever reasons the F.B.O.P. will ascertain as "acceptable" does not provide Constitutional grounds for infliction and allowance there of.  Simply, the petitioner's locale and indenturement at this institution are not grounds for denial and removal of treatments.
>
> The court must uphold the policies of the Bureau and enforce the staff, administration, and, policy makers to conduct the necessary routines and protocols in this matter, as without such enforcement, quality of life and emminent death are violative.  No part of the petitioner's levied sentence allows, creates, condones, these mistreatments, and, is thereby protected by the Eighth Amendment, as such continued denials and abuses of practices, without court intervention would directly violate law and process.  The right of the individual supreme, the bureaucratic and physical tortures and endurements removed.

(Docket Entry #18, pp. 1-3.)

      7.  The Amended Complaint does not cure the deficiencies of the Complaint.  First, since Plaintiff does not name additional parties, the sole defendants are the Bureau of Prisons, the Department of Justice and Warden Zickefoose.  This Court's Opinion and Order dismissed the Bureau of Prisons and Department of Justice with prejudice on the ground that a damage remedy is not available against a federal agency under Bivens.  See F.D.I.C. v. Meyer, 510 U.S. 471, 486

(1994). Second, Plaintiff again complains that the administrative remedy process is inadequate, but this Court dismissed claims based on deficiencies in the administrative remedy process with prejudice. Third, like the Complaint, the Amended Complaint does not assert facts plausibly supporting an inference that Warden Zickefoose - the sole remaining defendant - was deliberately indifferent to Plaintiff's serious medical needs. See Spruill v. Gillis, 372 F. 3d 218, 235 (3d Cir. 2004). Specifically, Plaintiff states that insulin "cannot be randomly dismissed at the scheduling problems or personal choices of the F.B.O.P [and that] this has and continues to occur" (Docket Entry #18, p. 3), but he does not state facts showing that he has a serious medical need requiring the prescription of insulin, and he does not assert facts showing that Warden Zickefoose was personally involved in any specific failure to provide insulin. Plaintiff's Amended Complaint, like the original Complaint, is factually deficient, insofar as "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 129 S. Ct. at 1948. To state a constitutional claim against a defendant, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 1948. Because the Amended Complaint does not assert facts showing that Plaintiff has a serious medical need and it does not assert facts showing that any person acted with deliberate indifference to Plaintiff's serious medical needs, this Court will dismiss the Amended Complaint.

8. This Court will allow Plaintiff one final opportunity to cure the deficiencies noted by this Court and to file a second amended complaint using the form provided by the Clerk.[2]

---

[2] If filed by Plaintiff, the second amended complaint should state facts (who, what, when, where) rather than conclusions regarding the alleged violation of Plaintiff's Eighth Amendment
(continued...)

9. An appropriate Order accompanies this Opinion.

                                                                       s/Robert B. Kugler  
                                                                       **ROBERT B. KUGLER, U.S.D.J.**

Dated: March 22, 2011

---

[2](...continued)  
rights.